Trull v. Volkswagen of Amer.          CV-94-015-JD  03/19/98

UNITED STATES DISTRICT COURT FOR THE
                         DISTRICT OF NEW HAMPSHIRE


Elizabeth Trull, et al.

     v.                                    Civil No. 94-15-JD

Volkswagen of America, Inc., et al.



                          O R D E R


     The plaintiffs, David Trull, both individually and as
administrator of the estate of Benjamin Trull, Elizabeth Trull,
and Nathaniel Trull, brought this products liability action
pursuant to the court's diversity jurisdiction against the
defendants, Volkswagen of America, Inc., and Volkswagenwerk, A.G.
The plaintiffs contend, inter alia, that the defendants
negligently designed the 1986 Volkswagen Vanagon, with the result
that several of the plaintiffs, when their 1986 Vanagon was
involved in an accident, suffered personal injuries more serious
than they would have incurred had the design been safe.  Before
the court is the defendants' motion in limine regarding expert
testimony on internal Volkswagen standards and the cost of
integrated seats (document no. 35).

<u>Discussion</u>[1]

On February 19, 1991, the plaintiffs, who are residents of Massachusetts, were involved in a motor vehicle accident while in their 1986 Volkswagen Vanagon in Conway, New Hampshire. As a result of the accident, David Trull, who was driving, received only minor injuries. His wife, Elizabeth Trull, who was riding in the front passenger seat, suffered severe brain injury. His son Nathaniel Trull, riding in the first row of rear bench seats, also suffered severe brain injury. His other son Benjamin Trull, also riding in the first row of rear bench seats, was killed. The plaintiffs contend that their injuries were more severe than they would otherwise have been due to the unsafe design of the Vanagon.

On January 13, 1994, the plaintiffs brought this action, asserting, <u>inter alia</u>, that the defendants are liable under theories of negligent design and strict liability for an unsafe product. The defendants have filed a motion in limine to exclude the plaintiffs' expert testimony on internal Volkswagen safety standards and the cost of integrated seats. Both subjects are based on the expert's knowledge gained from documents under protective orders.

_____

[1]The court summarizes the background information relevant to the resolution of the instant motion.

2

The plaintiff's liability expert, John Stilson, stated during depositions that Volkswagen has internal design standards for its vehicles but that it did not conduct tests to determine whether the Vanagon met those standards. His information on internal standards arises from other cases in which he has been involved, some of which involved Volkswagen and others of which did not. He did not provide the documents that form the basis of his information, however, because they are under a protective order. As a result, the defendants seek to preclude him from offering this information as part of his opinion. The plaintiffs state that Stilson is willing to disclose the information under Volkswagen protective order, but to do so Volkswagen must release him from the order. They urge that it would be inequitable to allow Volkswagen to preclude Stilson's testimony on internal standards when its protective order is the only thing preventing him from giving an admissible opinion.

Stilson also stated during his deposition that it would cost between seven and twelve dollars to implement an integrated seat design. Integrated seats are constructed with the passenger restraints incorporated into the seat rather than being attached to another part of the vehicle. Stilson's testimony is based on documents stemming from his involvement with cases involving non-Volkswagen manufacturers, but the documents are similarly under

3

protective order.  The defendants object to Stilson's testimony on this subject because it is founded upon hearsay documents on which the defendants cannot cross-examine him.  The plaintiffs contend that the documents need not be made available to the defendants because they are of the type relied on by experts in Stilson's field and the defendants can adequately expose any deficiency in his testimony on cross-examination.  The defendants respond that they cannot adequately cross-examine Stilson without first having been provided an opportunity to review the documents on which he bases his testimony.

"The admission of expert testimony is a matter reserved to the trial court's discretion."  <u>International Adhesive Coating Co. v. Bolton Emerson Int'l, Inc.</u>, 851 F.2d 540, 544 (1st Cir. 1988).  The court finds that the defendants must be able to examine the documents on which Stilson bases his testimony on these two subjects in order to effectively cross-examine him.  However, the court lacks the authority to order Stilson to release non-Volkswagen documents under the protective order of another court.  Therefore, Stilson is ordered to produce for the defendants any documents or records of Volkswagen under protective order upon which he relied in forming his opinions and Volkswagen may submit a proposed protective order to cover the use of its documents in this case.  Stilson may then offer expert

4

testimony based on information contained in those documents. Stilson may not testify as to the cost of manufacturing integrated seats to the extent his opinion relies on documents that he is unable to release to the defendants because they are under a protective order for the benefit of third parties.

## Conclusion

The defendants' motion in limine regarding expert testimony on internal Volkswagen standards and the cost of integrated seats (document no. 35) is denied to the extent the plaintiff's expert seeks to offer testimony based on Volkswagen documents under protective order and is granted to the extent the plaintiff's expert seeks to offer testimony on non-Volkswagen documents that he is unable to release to the defendants because they are under the protective order for the benefit of a third party.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

March 19, 1998

cc:  John J. Cronin III, Esquire
     Alan L. Cantor, Esquire
     Howard B. Myers, Esquire

5